UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Hydro Compliance Management, Inc.,   Case No. 05-74252

    Debtor.   Honorable Nancy G. Edmunds
_____/

Hydro Compliance Management, Inc.,

    Plaintiff/Appellee,
v.

Vicki Reid Smith,

    Defendant/Appellant.
_____/

**ORDER DENYING DEFENDANT/APPELLANT VICKI REID SMITH'S MOTION FOR LEAVE TO APPEAL**

This matter comes before the Court upon Appellant Vicki Reid Smith ("Smith")'s, timely motion for leave to appeal the Bankruptcy Court's interlocutory order and opinion issued on October 7, 2005, and granting Appellee Hydro Compliance Management, Inc. ("Hydro")'s motion for partial summary judgment. This matter will be decided on the briefs. Smith does not discuss the appealability of interlocutory orders in her brief. Hydro provides the finality doctrine standard, and argues that because Smith does not meet the standards, that the motion should be denied. For the reasons set forth below, Smith's motion for leave to appeal is DENIED.

**I.   Facts**

The statement of the facts is reproduced from the Bankruptcy Court's Order.

> Defendant David Woelkers incorporated Debtor in 1999. Debtor sold Hydro-Kleen, a product which removes pollutants in storm water that runs off streets and parking lots. In 2000, Debtor entered into a licensing agreement with Bamcon Engineering to produce and sell Hydro-Kleen. On April 8, 2004, Defendant and Debtor entered into a Stock Redemption Agreement ("Stock Redemption Agreement"), that included a Stock Retransfer and Non-Competition Agreement ("Non-Competition Agreement"), in which Debtor purchased Defendant's 50% shareholder interest for $2,285,200. On December 10, 2002, Debtor and Defendant entered into Addendum to Stock Redemption Agreement ("Addendum") that accelerated the timing of the payment due dates. On March 13, 2004, Debtor filed for bankruptcy under Chapter 11. On November 2, 2005, Debtor commenced this adversary proceeding against Defendant alleging three counts: (1) unauthorized distribution to shareholder under the Michigan Business Corporation Act ("MBCA"); (2) a constructive fraudulent transfer of claim under Sections 544(b) and 550; and (3) claim disallowance under Section 502(d). On February 24, 2005, Debtor moved for partial summary judgment on Count 1, indicating that payments under the Stock Redemption Agreement and Addendum constitute "distributions" under the MBCA.

(Bankr. 10/7/05 Order at 1-2.)

## II. Analysis

### A. Finality Doctrine

Smith brings her motion for leave to appeal, pursuant to 28 U.S.C. § 158(a)(3), which provides, "The district courts of the United States shall have jurisdiction to hear appeals [from Bankruptcy Courts] with leave of the court, from other interlocutory orders and decrees." The finality doctrine recognizes that final judgments are appealable as of right, and interlocutory orders are appealable at the district court's discretion. The courts apply the following test in deciding whether to allow an interlocutory appeal:

> based on 28 U.S.C. § 1292(b), an appeal may be taken from an interlocutory order only where the order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation.

*In re Dow Corning Corp.*, 255 B.R. 445, 540 (E.D. Mich. 2000) (*quoting In re Bradford*, 192 B.R.914, 916 (E.D. Tenn. 1996)).  The appellant bears the burden of showing the extraordinary circumstances that warrant review of an interlocutory order.  *Id.*  Here, Smith does not mention or prove that any of the above requirements are met.  Moreover, this court's review of the order granting partial summary judgment reveals that it involved the definition of "distributions" under MBCA which it is not a "controlling question of law," and concludes that an immediate appeal will not allow the litigation to terminate more quickly.  Accordingly, it does not satisfy the standards of the finality doctrine.

### B.  Collateral Order Doctrine

Although neither party mentions it in their briefs, one exception to the finality doctrine is the collateral order doctrine.  *United States Trustee v. PHM Credit Corp.*, 99 B.R. 762, 765 (E.D. Mich. 1989).  Under the collateral order doctrine,

> an order will be treated as final if it (1) finally determines rights collateral to and seperable from the main proceeding; (2) presents a serious and unsettled question; and (3) is effectively unreviewable on appeal from a final judgment such that denial of immediate review will harm the appellant irreparably.

*Id.*  In *In re Dow*, 255 B.R. 445, the court denied a motion for leave to appeal from a partial grant of summary judgment, asserting that it did not meet the standards of the finality doctrine, and that it did not meet the standards of the collateral order doctrine.  "Although the order may have conclusively determined the disputed question at issue, it does not resolve an important question completely separate from the merits of the rest of the summary judgment motion nor is the matter unreviewable on appeal from final judgment."  *Id.*  Applying the collateral order doctrine to this case, the outcome is identical to that in *In re Dow*.  The order in the present case granted summary judgment on an issue that

3

conclusively determined the disputed issue of whether the payments under the Stock Redemption Agreement constitute "distributions" under MBCA. It did not involve, however, an issue separable from the merits of the action, and it is appealable upon issuance of a final decree. Accordingly, the Bankruptcy Court's October 7, 2005 order granting partial summary judgment is not appealable.

**IV.   Conclusion**

For the above-stated reasons, Smith's motion for leave to appeal the interlocutory order and opinion granting Hydro's motion for partial summary judgment is DENIED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  June 13, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 13, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

4